(Decided 27th March, 1884.)

GEORGE WARNER, and others *vs.* JOSEPH A. SPRIGG, and others.

*Construction of Will and Deed—Statute of 27 Henry VIII, ch. 10—Rule in Shelley's Case—Executors and Trustees—Merger.*

A testator who died in 1877, by his will 'directed that his whole estate, real, personal and mixed, should be divided by three trustees named in his will, into five equal parts, and that two of these parts should go to his daughter A. C., and that the other three parts should go to his two sons G. and W. equally, share and share alike. He then devised his whole estate to three trustees, to have and to hold the same in trust for his three children according to

Warner, *et al. vs.* Sprigg, *et al.*

their respective shares, permitting the children to receive the rents and income thereof, and with power to his daughter to dispose of her portion as to her might seem fit, by testamentary disposition only, and without the concurrence of the acting trustees or trustee and the survivor of them. The will then proceeded as follows: " After the decease of my said sons respectively, their shares to go to their several heirs-at-law, as also the share of my said daughter, should she die having made no testamentary disposal thereof." The persons named as trustees were then appointed executors of the will, " with power to them and the survivor of them, and such of them as shall consent to act, to sell and convey any of my estate, real or leasehold, the purchaser not being bound in anywise to look to the application of the purchase money." On a bill filed for the construction of said will, it was HELD :

1st. That as to the real estate, the trust declared by said will, (the same involving no powers or duties in the trustees,) was, by force of the Statute of 27 Henry VIII, ch. 10, executed in the children of the testator, who took thereby legal estates under the will.

2nd. That as to the devise to their heirs-at-law after their decease, the rule in *Shelley's Case* applied to it.

3rd. That in so far as the power given by the will to the daughter to dispose of her portion by testamentary disposition only, indicated an intention to give her only a life estate, the rule in *Shelley's Case* operated to defeat the particular intention by force of a general rule of construction.

4th. That although the same persons were appointed trustees and executors, the two capacities were as entirely distinct as if filled by different individuals ; and the power of sale given to the executors as such did not enlarge the estate given to them as trustees.

5th. That by said will the bequest carried the legal estate in the leasehold and personalty to the trustees, and the children took the equitable interest. And by analogy to the rule in *Shelley's Case*, the clause giving their shares after their decease to their " several heirs-at-law," gave them the absolute equitable interest.

Under a former proceeding in equity between the parties, the Court below decided that the legal estate in all the property devised and bequeathed by the will was in the children. HELD :

That although that decision was erroneous as to the personalty, the estate of the children therein being an equitable one; yet as they had the right at any time to call for a conveyance of the legal title,

the decree of the Court in that case invested them with it without the unnecessary formality of a deed.

Before the passage of said decree the parties had executed a convey-ance of all their interest under the will to J. A. S., describing him as trustee. After the granting clauses it was thus stated : "It be-. ing the intent of all said grantors parties hereto, to convey and assign to said S., to be held by him and those who may succeed him in trust relation, in trust for said grantors respectively as to their several estate and interest, (the legal title,) they respectively controlling the investments and changes of investment from time to time, and in the manner hereinbefore specified." In the clause conveying the interest of the daughter, the trustee was required to hold her property for her sole and separate use and benefit during her life, free from the control or interference of any husband she might have, and he was required to unite with her in the convey-ance of her real and leasehold property. And he was required to hold G's share " in trust for the use and benefit of said G., and his immediate family free from liability of any of his debts, contracts or engagements, and when, if so by said trustee found requisite by him, deemed proper to apply the uses, rents, income and profits to the support and maintenance of said G. and his said family during said G's life." And with respect to a house on Franklin street which the grantors held in common, it was provided in the case of G. and W. that each of them might sell his undivided interest therein " with the assent and concurrence of the trustee," and in the case of the daughter the language was " said trustee co-operating and uniting." HELD :

1st. That the grantors intended to invest the trustee with the same kind and character of estate in all the property conveyed to him by this deed ; and that while the grantors were to have the right to determine when the property should be sold, and how the invest-ments should be made from time to time, no conveyances of the title could be made without the concurrence of the trustee.

2nd. That while the expressions in reference to W's share were not as distinct as those relating to the shares of the others, the whole body of the deed showed that there was to be no difference in the manner in which the trustee was to deal with the respective shares of the grantors.

The trust in favor of W. was declared in the following terms: " To have and to hold the same in trust for the use and benefit of said W. during his life, and after his decease the same to go as he by

last will may have directed, or in case of his decease intestate, the same to go according to law, under the existing statutory provisions of the law of Maryland. And as to the undivided third interest of said W. in the lot and house, No. 78 Franklin street in said city, said S. and any to succeed him in said trust relation, to hold the same as to the legal title thereof, with power to said W. to effect sale thereof, with the assent and concurrence of said trustee, or to exchange the same, and the proceeds of sale to invest according to the request and direction of said W., and for such uses and trust as may be directed and declared by said W., and with power to said W. to bequeath or devise the property wherein so to be invested, and in case of his intestacy the same to go according to law under the existing statutory provisions of Maryland." HELD:

1st. That W. being entitled to the fee simple in the real estate, and to an absolute equitable estate in the leasehold and personalty; and having by said deed conveyed the property to a trustee to hold upon certain trusts which did not exhaust the whole estate; all interests which he did not convey necessarily remained in him, and consequently, the reversion after his life estate, was vested in him.

2nd. That he held therefore the equitable life estate and the equitable reversion in fee in the realty, and corresponding estates in the personalty.

3rd. That these estates coalesced by way of merger, the life estate with all its incidents being swallowed up in the reversion.

4th. That the result was that after the execution of said deed, W. held by equitable title the absolute and entire interest in the property which he conveyed by said deed to S.

By a subsequent deed, W., with the consent and concurrence of the trustee, conveyed to his wife for life certain real estate mentioned in said deed, and afterwards died. HELD:

1st. That this deed took effect according to its terms.

2nd. That W., if under no legal disability, had the right to dispose by last will and testament of the property conveyed by him in trust to S.

APPEAL from the Circuit Court of Baltimore City.

The bill of complaint in this case was filed by George Warner, Annie C. Ward and William J. Ward, her hus-

band, the said George and Annie being children of George Warner, Jr., deceased. The object of the bill was to pro·cure a construction of the will of said George Warner, Jr., and other papers affecting the title to property claimed by the complainants, George and Annie, and for the appointment of a receiver of said property until their rights were adjudicated. The case is stated in the opinion of the Court. This appeal is taken from a decree dismissing the bill of complaint.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*E. Otis Hinkley,* for the appellants.

*John V. L. Findlay,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

George Warner, Jr., died in March, 1877, after having executed his last will and testament, in such manner as to pass the title to real and personal estate. The questions before us originate from the provisions of this will, and we will therefore direct our attention to them before considering any other matters involved in this case.

The testator directed that his whole estate, real, personal and mixed, should be divided by three trustees named in his will, into five equal parts, and that two of these parts should go to his daughter, Annie Catharine, and that the other three parts should go to his two sons, George and William, equally, share and share alike. He then devised his whole estate to three trustees, to have and to hold the same in trust for his three children according to their respective shares, permitting the children to receive the rents and income thereof, and with power to his daughter to dispose of her portion as to her might seem fit, by testamentary disposition only, and without

the concurrence of the acting trustees or trustee, and the survivor of them; and he provided that if all the trustees should decline to act, the *cestuis que trust* should select such fit person as trustee as they might agree to choose. The will then proceeds as follows: "After the decease of my said sons, respectively, their shares to go to their several heirs-at-law, as also the share of my said daughter, should she die, having made no testamentary disposal thereof."

The persons named as trustees were then appointed executors of the will, "with power to them, and the survivor of them, and such of them as shall consent to act, to sell and convey any of my estate, real or leasehold, the purchaser not being bound in anywise to look to the application of the purchase money."

The will was duly admitted to probate by the Orphans' Court of Baltimore City. Two of the persons named as trustees and executors refused to qualify as executors and to accept the trusts of the will. The third one, Edward J. Schwartze, accepted the trusts, and took upon himself the execution of the will.

We will first consider the title to the real estate. The whole estate is in terms devised to the trustees. Under the familiar operation of our statute, this devise would invest them with the fee simple. A trust, however is declared for the three children of the testator, and one of the questions in this case relates to the effect of this declaration of trust. By the Statute 27 Henry VIII, chapter 10, it was enacted that "when any person shall be *seised* of lands, &c. to the use, confidence or trust of any other person or body politic, the person or corporation entitled to the use in fee simple, fee tail, for life, or years, or otherwise, shall from thenceforth stand and be seised or possessed of the land, &c., of and in the like estates as they have in the use, trust or confidence; and that the estate of the person so seised to uses shall be deemed to be in

him or them that have the use, in such quality, manner, form and condition, as they had before in the use."

It would be difficult to find a clearer case for the application of the Statute than the present one. It fully satisfies all its requirements and conditions. It is true that by the construction put on this Statute, there are cases in which the legal estate vests in the donee to uses as it would have done before the Statute. Thus it is held as an established rule that the Statute does not operate where the donee to uses is entrusted with powers or duties which he cannot properly discharge without holding the legal estate. But in the present case the trustees are merely passive, and are not required to perform any duty whatsoever. It is fully settled that when the trust declared is simply to permit and suffer the *cestui que trust* to receive the rents, or to occupy the estate, the legal estate is executed in the *cestui que trust* by the Statute. *Perry on Trusts, section* 306. We think, therefore, that the children took legal estates under the will. The next question relates to the devise to their heirs at law after their decease. We consider it fully settled by the authorities that the rule in *Shelley's Case* applies to this devise. We find here the devise of an estate, and a remainder to the heirs of the devisee. Upon this question we do not regard it necessasary to multiply authorities. If it be said that the power given by the will to the daughter to dispose of her portion by testamentary disposition only, is an argument that the testator intended to give her only a life estate ; it may be answered that the rule in *Shelley's Case* operated to defeat the particular intention by force of a general rule of construction. If the testator had declared that his children should have life estates and no more, such language would not have prevented the application of the rule in question ; and notwithstanding this declaration they would have taken fees. *Clarke vs. Smith, Adm'r, et al.,* 49 *Md.,* 106. It may be urged that as the same persons who were named

as trustees in the will, were, in a subsequent clause, appointed executors, and were invested with power to sell and convey any of the estate, real or leasehold, it was necessary for them to hold the legal estate to perform this trust. But we must bear in mind that although the same persons are appointed trustees and executors, the two capacities are entirely distinct; quite as much so as if filled by different individuals. Suppose that after making the devise to the trustees, the testator had appointed other persons the executors of his will. In that case, it would have been quite clear that the powers given to the executors could not enlarge the estate devised to the trustees, and could not have any influence in determining its character. And for the reason stated, it is just as clear when the two distinct capacities are represented by the same individuals.

It was decided as early as the twenty-second year of Elizabeth, that inasmuch as the Statute used the word "*seised,*" and this word was applicable only to freeholds, copyholds and terms of years were not embraced by it. And accordingly it has ever since been held that when estates of these descriptions, or personal chattels are limited to one person for the use of another, the first taker will have the legal estate in trust for the other. Consequently, by the will in question, the bequest carried the legal estate in the leasehold and personalty to the trustees, and the children took the equitable interest. By analogy to the rule in *Shelley's Case* the clause giving their shares, after their decease, to their "several heirs-at-law," gave them the absolute equitable interest. *Horne vs. Lyeth,* 4 *H. & John.,* 439.

It appears that Edward Schwartze, the acting trustee and executor, filed a bill in equity against the devisees under the will, and an infant child of one of them. In it he prayed the advice and direction of the Court in the discharge of his duties as trustee and executor. The

Court, among other things, decided that the legal estate in all the property devised and bequeathed by the will was in the children. We have said that they held the equitable interest in the personalty; but as they had the right at any time to call for a conveyance of the legal title, the decree of the Court invested them with it without the unnecessary formality of a deed. Before the passage of this decree, the parties had executed a conveyance of all their interest under the will to Joseph A. Sprigg, describing him as trustee. In this deed they use many expressions, which show very clearly that it was their intention that he was to hold the legal title in trust for the grantors. After the granting clauses in the deed it is thus stated: "It being the intent of all said grantors, parties hereto, to convey and assign to said Sprigg, to be held by him, and those who may succeed him in trust relation, in trust for said grantors respectively, as to their several estate and interest (the legal title) they respectively controlling the investments and changes of investments from time to time, and in the manner hereinbefore specified."

In the clauses conveying the interests of the daughter and George, duties are imposed on the trustee, and rights are given to him, which necessarily require that he should hold the legal title. For instance, he is required to hold the daughter's property for her sole and separate use and benefit during her life, free from the control or interference of any husband she may have; and he is required to unite with her in the conveyance of her real and leasehold property. And he is required to hold George's share "in trust for the use and benefit of said George Warner, and his immediate family, free from liability of any of his debts, contracts or engagements, and when, if so by said trustee found requisite by him, deemed proper, to apply the uses, rents, income and profits, to the support and maintenance of said George and his said family, during his, said George's life."

And with respect to a house on Franklin street, which the grantors held in common, it was provided, in the cases of George and William, that each of them might sell his or her undivided interest therein "with the *assent and concurrence of the* trustee;" and in the case of the daughter the language is the "said trustee co-operating and uniting." Now we think it clear that the grantors intended to invest the trustee with the same kind and character of estate in all the property conveyed to him by this deed; and that while the grantors were to have the right to determine when the property should be sold, and how the investments should be made from time to time, no conveyances of the title could be made without the concurrence of the trustee. The expressions in reference to William's share are not as distinct as those relating to the shares of the others. But the whole body of the deed shows that there was to be no difference in the manner in which the trustee was to deal with the respective shares of the grantors. It is very clearly settled that when the trustee is intended to exercise a control over the transfer of the title, that the legal estate must remain in him. *Hill on Trustees, m. p.*, 234.

The trust in favor of William is declared in the following terms:

"To have, and to hold, the same in trust, for the use and benefit of said William A. Warner, during his life, and after his decease the same to go, as he, by last will may have directed, or in case of his decease intestate, the same to go, according to law, under the existing statutory provisions of the law of Maryland.

"And as to the undivided third interest of said William in the lot and house No. 78 Franklin street, in said city, said Sprigg, and any to succeed him in said trust relation, to hold the same as to the legal title thereof, with power to said William, to effect sale thereof, with the assent and concurrence of said trustee, or to exchange the same, and

the proceeds of sale to invest, according to the request and direction of said William, and for such uses and trust as may be directed and declared by said William, and with power to said William to bequeath or devise the property wherein so to be invested, and in case of his. intestacy, the same to go according to law, under the existing statutory provisions of Maryland."

The trust declared is for the life of William, with certain powers of disposal. What becomes of the property after his death? William having the fee simple in the real estate, and an absolute equitable estate in the lease-hold and personalty, conveys the property to a trustee to hold on certain trusts, which do not exhaust the whole estate. All interests which the grantor did not convey necessarily remained in him; consequently the reversion after his life estate was vested in him. He held therefore the equitable life estate, and the equitable reversion in fee in the realty, and corresponding estates in the personalty. These estates coalesced by way of merger; the life estate with all its incidents was swallowed up in the reversion. The result is that after the execution of the deed in question William held by equitable title the absolute and entire interest in the property which he conveyed by said deed to Sprigg. By deed dated the fourteenth day of April, eighteen hundred and eighty, William with the consent and concurrence of the trustee, conveyed to his. wife for life, certain real estate mentioned in said deed. We perceive no reason why this deed should not take effect according to its terms.

The record shows that William is dead, having before his death, executed a paper-writing purporting to be a last will and testament. This instrument has not been admitted to probate, and we do not feel called upon to consider any question arising upon it. It is apparent, however, from what we have said, that the alleged testator, if under no legal disability, had the right to dispose

by last will and testament of the property conveyed by him in trust to Sprigg.

The bill filed in this cause in the Court below sets up certain claims for relief in behalf of the two surviving devisees and legatees under the will of George Warner, Jr. These claims are supposed to be founded on said will, and the deed of trust to Sprigg. Our construction of these documents denies the relief sought by the complainants; and we affirm the decree dismissing the bill of complaint.

*Decree affirmed, with costs.*

(Decided 27th March, 1884.)