JOHN W. HUGHES, Executor of JANE CAMPBELL *vs.* GEORGE A. NICKLAS, Administrator d. b. n., c. t. a. of CHRISTIANA SNYDER.

*Construction of a Will—Rule in Shelley's Case, as affecting Leasehold property.*

A will dated the 16th of May, 1831, and admitted to probate in October, 1834, contained the following clauses: "And to my adopted child J. S. whom I have raised from infancy, and who now lives with me, I give and bequeath all my property, consisting of houses and vacant lots, situate," &c., * * "during her natural life, with remainder over to the heirs of her body, if she should have any, but, in case she should die without such heirs, then said remainder to my cousin C. S. widow as aforesaid, to her and her heirs forever. And I give all the residue of my property, of whatsoever name or nature, to the said J. S. without limitation or restriction," &c. The property referred to in the first of said clauses was leasehold. HELD:

1st. That the bequest in said clause to J. S. was, by analogy at least, directly within the "rule in *Shelley's Case.*"

2nd. That the gift of a leasehold interest to J. S. for life, with a remainder over to the heirs of her body, entitled her to the absolute interest, which was not restricted by the words "if she should have any heirs."

3rd. That even if the provisions of the second clause indicated that the testator intended to give J. S. only a life estate under the first clause, the words used in the first clause brought the gift within the rule, and the. intention must give way, and the fixed rule be followed.

APPEAL from the Circuit Court of Baltimore City.

On a bill of interpleader filed by the tenant of the leasehold property involved in this suit, the parties to this appeal were required to interplead, for the purpose of ascertaining which was entitled to the rent of said property, due by the tenant; and which he was ordered to pay into Court to await the decision of said question.    After hearing, the Court below, (DENNIS, J.,) passed a decree awarding the fund to the appellee. This appeal is taken from said decree.    The case is further stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and MCSHERRY, J.

*William E. Hoffman,* for the appellant.

*Peter J. Campbell,* and *C. Dodd McFarland,* for the appellee.

MCSHERRY, J., delivered the opinion of the Court.

The single question involved in this appeal is, what estate did Jane Shaw take, under the will of George Ackerman, in certain leasehold property?    It is insisted by the appellant that she took an absolute interest therein; whilst the appellee contends that she was entitled only to a life estate, and that upon her decease the remainder passed to Christiana Snyder. The will of George Ackerman must determine this controversy.    It bears date May sixteenth, eighteen hundred and thirty-one, and was admitted to probate October the twenty-eighth, eighteen hundred and thirty-four.    The only clauses which have any reference to the question before us are in the following words:    "And to my adopted child, Jane Shaw, whom I have raised from infancy, and who now lives with

me, I give and bequeath all my property, consisting of houses and vacant lots, situate on the west side of High street, between York and Pitt streets, in the City of Baltimore, during her natural life, with remainder over to the heirs of her body, if she should have any, but in case she should die without such heirs then the said remainder to my cousin, Christiana Snyder, widow as aforesaid, to her and her heirs forever."

"And I give all the residue of my property, of whatsoever name or nature, to the said Jane Shaw, without limitation or restriction," &c., &c.

It is conceded that the property referred to in the first of the two clauses quoted was leasehold property. Jane Shaw married William Campbell. She died in eighteen hundred and eighty-six, without ever having had issue. She left a last will and testament whereby, after making small bequests to other persons, she gave the residuum of her estate to John W. Hughes, a grandson of her deceased husband, and she appointed him executor. He is the appellant in this case. Christiana Snyder also died leaving a will by which she gave the residuum of her estate to her grand-children. The appellee is administrator *d. b. n., c. t. a.* of her estate.

It has been argued that the intention of George Ackerman, apparent on the face of the will, was to give Jane Shaw merely a life estate in the leasehold property, and that this intention must control the construction to be placed on the language used in making the bequest of that property to her. It is undoubtedly true that a testator's intention, when legally manifested, will be given effect to, unless it violates some fixed principle of law, or would, if gratified, break down some settled rule of property, or unless it be defeated by the use of technical words whose meaning, when they are found in wills, is inflexible and unvarying. For instance, no matter how clear may be the intention to create a

perpetuity, it cannot be gratified, because forbidden by law; and even though the intention to give but a life estate may be perfectly evident, yet, if, in attempting to create it, words have been employed which have invariably been held to carry the fee, the fee and not a mere life estate, will pass. There is, perhaps, no rule of property more deeply rooted in the jurisprudence of this State than that which is known as the rule in *Shelley's Case.* It is a rule of tenure which is not only independent of, but generally operates to subvert, the intention; and so firmly is it, with its qualifications, established here, that, as said by this Court in *Shreve and Wife vs. Shreve, et al.*, 43 *Md.*, 394, "nothing but an Act of the Legislature can strike it out of our system of real law."

The definition of the rule given by Mr. Preston, (*Preston on Estates, vol.* 1, *p.* 263,) adopted with slight modifications by Chancellor KENT (4 *Kent Com.*, 215,) and quoted with approval in *Ware, et al. vs. Richardson*, 3 *Md.*, 544, is so familiar that it need not be repeated in this opinion.

If the subject of the gift to Jane Shaw had been real estate, she would have taken, under the rule, an estate in *fee tail*, which by the operation of our law of descents would have been converted into an estate in fee simple, notwithstanding the most positive and unequivocal declaration that she should take only an estate for life. But it is supposed a different result must follow in this case because the gift relates to personal property. In support of this position our attention has been called to the cases which hold that in respect to personal estate attention is paid to any circumstance that seems to afford ground for construing a limitation after dying without heirs or without issue, to mean a dying without heirs or issue living at the death of the party, in order to support a bequest over, though as to real estate the

construction is generally otherwise. *Wallis vs. Wood-land*, 32 *Md.*, 104; *Gable vs. Ellender*, 53 *Md.*, 311. But the principle which strikes down, as void because too remote, a limitation in remainder after an indefinite failure of issue, is not the one upon which the rule in *Shelley's Case* is founded, nor upon which the decision of the case before us depends.

If the rule in *Shelley's Case* is applicable to leasehold estates as well as to a freehold, the case is entirely free from difficulty. In *Butterfield vs. Butterfield*, 1 *Ves.*, 154, the testator directed that £400 should be put out on good security for his son T., that he might have the interest of it for his life, and for the lawful heirs of his body, and if it should so happen that he should die without heirs of his body, it should go to his youngest son B. Lord HARDWICKE held that the son T. should take the whole absolute interest. In *Garth vs. Baldwin*, 2 *Ves.*, 646, personal property was limited to trustees to pay the profits to Edward Turner Garth for life, and afterwards to pay the same to the heirs of his body. The Lord Chancellor held that the case was reduced to this, a gift of personal estate to one for life and the heirs of his body—that must vest the property in him whether the testator intended it or not. In *Atkinson vs. Hutchinson*, 3 *P. Wms.*, 259, the Lord Chancellor stated that if a term of years be limited to A. for life, remainder to the heirs of his body, A. would take the whole interest. In *Elton vs. Eason*, 19 *Ves. Jr.*, 78, the Master of the Rolls said: "It is clearly settled, that a bequest of personal property to a man for life, and afterwards to the heirs of his body, is an absolute bequest to the first taker. Whatever disposition would amount to an estate tail in land, gives the whole interest in personal property; which is incapable of being entailed." And in *Horne vs. Lyeth*, 4 *H. & J.*, 431, which, though not a decision by the Court of Appeals,

has been followed and approved in many cases by this Court, it was distinctly determined "that, if a leasehold estate is limited to one for life, the remainder to the heirs of his body, the whole interest vests in the first taker, and that the words 'for life' will not be sufficient to restrict his interest to a life estate." This was recognized in *Warner, et al. vs. Sprigg, et al.*, 62 *Md.*, 14.

It would seem, then, to be perfectly clear that the bequest to Jane Shaw is, by analogy at least, directly within the rule. The gift is of a leasehold interest to Jane Shaw during her natural life, with remainder over to the heirs of her body, if she should have any, as a class of persons to take in succession from generation to generation. The limitation to the heirs entitled her to the absolute interest, which was not restricted by the words "if she should have any" heirs. The second clause quoted from the will cannot affect this conclusion. It is claimed its provisions plainly indicate that the testator intended to give Jane Shaw only a life estate under the first clause; but, even if this should be conceded, the result would not be changed, because, no matter how evident the intention to create but a life estate may be, when the words actually used bring the gift within the rule the intention must give way, and the fixed rule must be followed. Accordingly, Hughes, who claims under the will of Jane Shaw, is entitled to the estate, and the funds brought into Court being the rent due by the lessee of the term, are payable to the appellant.

There was error, therefore, in the decree below, which denied the appellant's right to these funds, and it must be reversed. The cause will be remanded that a decree may be passed in conformity with this opinion.

*Decree reversed, and*
*cause remanded.*

(Decided 27th March, 1889.)