# BERTHA S. RAFFEL *vs.* THE SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE CITY.

*Deed of Trust Reserving All Equitable Interest to Grantor—Mistake as to Existence of Power of Revocation—Cancellation of Deed And Termination of Trust.*

An inexperienced young woman, before her marriage, conveyed her property to a trust company, in trust to pay the income to her during her life, and reserving to her certain powers of disposal. The deed created no vested rights in remainder after the life estate, but upon the grantor's death the property was to pass under her will, and in the absence of a will, to her next of kin or heirs at law. The bill in this case alleged that the grantor was advised at the time of the execution of the deed that the trust was revocable at her pleasure, and that she did not intend to surrender all control of her property, and asked that the deed be annulled and the possession of the estate restored to her. *Held,* that the deed created an equitable life estate in the grantor with a reversion of the remainder to her as the representative of her heirs, and since she has the entire interest in the property, and the allegations of bill as to mistake are supported by the evidence, the deed should be cancelled and the trust terminated.

Appeal from Circuit Court No. 2, of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER , JJ.

*Joseph C. France* (with whom were *George R. Willis* and *Julius H. Wyman* on the brief), for the appellant.

If by its true construction, the deed is irrevocable, it should be cancelled. However forcibly it may be argued from the testimony of the witnesses for the defense. that the appellant might and ought to have understood the irrevocable nature of the step she was taking—nevertheless it is easy to understand how she could have been misled; and inasmuch as there are no rights vested by the deed in any person except herself, the Court may and will consider whether there is reasonable

ground for her contention that she was in fact misled.    Her
testimony concerning the details of the transaction is confess-
edly vague; and some of it must be inaccurate; but there is no
occasion for imputing to her a suppression of the truth.    Her
failure to recall the transaction is obviously due to the weak-
ness of the original mental impressions; and this is clearly ex-
plained, both by her physical condition during the two months
the subject was under discussion, and by the entirely pas-
sive part she appears to have played in the transaction.    More
than this, without questioning the goodness of their motives,
it is a fact that the persons who undertook to advise the ap-
pellant, misinformed her (1), as to the necessity for any deed
of trust, and her legal rights in the absence of one; and (2),
as to the legal effect of the deed which was executed and
which, in its draft form, it is claimed she took home and pon-
dered.

It was forcibly argued below that the insertion in the deed
of a discretionary power in the trustee to return five thousand
dollars of the trust estate; and the acceptance of this amount
by the appellant; and the wording of the final receipt executed
by her therefor—bar her of any relief, even although the legal
effect of the original transaction was misunderstood by her.
If there was any vested interest in this case claiming in oppo-
sition to the appellant; if there was any person claiming to
have been injured or misled by the appellant's acts or omis-
sions—then there would be force in the appellee's contention.
But the doctrines of estoppel, acquiescence and ratification
have no application except where some one has acted to his
hurt in the belief that an apparent condition is a real one.
*Nicholson* v. *Snyder*, 97 Md. 427.

The appellant not only did not intend to surrender control
of her property but she has not, in fact done so.    And it is
submitted that the application of well recognized principles to
the language of this particular deed, makes clear her right to
a re-conveyance of the legal title.    Obviously both Marshall
and Wiesenfeld were mistaken when they told the appellant
that by virtue of the deed "she had a life estate with power of

disposition by will." The fact is that the deed does not exhaust the appellant's interest in the property; and that the testamentary language in the deed is not a reserved power of appointment over an estate granted, but merely an incidental power of ownership over the estate which the deed did not convey. Mr. Marshall's testimony shows that she declined his suggestion to give a vested estate, even one defeasible by her will, to her possible children; and it is submitted that she has not, in fact, given such an estate to any one; and that whatever her heirs at law and legal representatives shall take from her, will come to them, not by purchase under the deed, but by descent. 1 *Hargrave's Law Tracts*, 571; *Warner* v. *Sprigg*, 62 Md. 14; *Brown* v. *Renshaw*, 57 Md. 67; *In re Ricards*, 97 Md. 608; *Sears* v. *Choate*, 146 Mass. 395; *Thompson* v. *Ballard*, 70 Md. 10.

Applying the principles of the cases above cited to the facts presented by this appeal, we submit : (1.) Assuming that the deed is not a mere power of attorney and that it creates by implication a life estate, the appellant takes an equitable life estate under the deed and a remainder in spite of the deed; and this remainder, because of the power of sale in the trustee, is equitable. *Devries* v. *Hiss*, 72 Md. 567; *Warner* v. *Sprigg*, 62 Md. 24. (2.) While the appellant's deed attempts to create a spendthrift trust in her own property, our law (*Brown* v. *Macgill*, 87 Md. 161), forbids this, even where the deed is in contemplation of marriage. And the result is that the only trust which the deed raises, a trust which expresses the purpose for which the deed was executed is invalid. The appellant can alienate her life estate; she can anticipate her income and it can be seized by her creditors. She can also sell or charge the equitable remainder and it can be seized by her creditors. In no way does this deed protect the property and its income from the control of her husband to any greater extent than it would be protected without the deed; and there is "no longer any title requiring protection by the retention of the legal estate." The only person interested in continuing the trust is the trustee and it is interested to the extent only

of its commissions on an income which can be collected without difficulty by any person competent to count money and sign receipts. And it will be noted that the facts of this case distinguish it (1) from the line of cases where vested remainders in children or in issue, using this word as a word of purchase, are created by the deed; and (2) from the line of cases in which the settlor of the trust and the beneficiary are different persons.

It is believed that in no case has this Court thrown any doubt upon the well-settled rule of law quoted from Hargrave In Venable's *Syllabus of the Law of Property in Land*, p. 74, the rule and the authorities are thus stated: "There is one case in which the estate created is apparantly a remainder, but is in reality a reversion. This is where a person grants a particular estate, and then grants the residue of the estate to his own heirs: *e. g.* grant by A to B for life and after B's death to A's heirs. Here A has a reversion, he being the representative of his heirs. *Fearne Contingent Remainders*, 50, 51; *Leake*, 158, 161; 62 Md. 22." And the language of Fearne is: "It follows that an express limitation of the use away during life of the grantor will not make his right heirs purchasers. it being his old use undisposed of."

It would seem to be clear therefore that the appellant takes an equitable life estate under the deed; and that the remainder (using that word in a non-technical sense) inures to her by way of a present estate, either as the representative of her heirs, or under the peculiar wording of this deed, as something undisposed of by it. The appellant, consequently has a life estate which she can convey or charge; and a reversion (whether legal or equitable) which she can also sell or mortgage. And this is so without reference to the rule in Shelley's case, which deals with technical remainders and has nothing to do with the point under discussion.

But this reversion is equitable (*Hiss* v. *Devries*, 72 Md. 566; *Leonard* v. *Diamond*, 31 Md. 542), and if such be the case then a merger must result; and the appellant owning the equitable fee may call for the legal title unless some reason can be

found among the purposes expressed in the deed. All of these purposes are either useless or illegal; and in no sense does the deed afford the grantor any protection. If she in fact owns beneficially both the life estate and the reversion, no useful purpose is accomplished by separating the legal and the equitable title. Nor is the power of sale in the trustee a sufficient reason for keeping the trust alive. *Sears* v. *Choate*, 146 Mass. 395; *Sears* v. *Hardy*, 120 Mass. 524; *Dodson* v. *Ball*, 60 Penna. 501; *Warner* v. *Sprigg*, 62 Md. 24.

*Edwin G. Baetjer* and *Bernard Wiesenfeld* (with whom were *Venable & Howard* on the brief), for the appellee.

Not only does the evidence fail to sustain the plaintiff's contention that she executed the deed under a mistaken belief as to its nature and her power to revoke, but it affirmatively establishes her full understanding of the character and effect of the instrument, and especially of the absence of a power of revocation (other than the partial power expressed in the deed).

The complainant's second contention is that she executed the deed under the mistaken belief that it was necessary and effective to protect her property from her own improvidence or the control of a future husband, and that the deed is not necessary or effective for either purpose. This ground, although not suggested in the bill of complaint, was somewhat relied on in the argument below. We submit in reply.

(*a*) That it is quite immaterial whether the deed is effective for the purpose stated or not. If the appellant did not execute the deed in reliance upon its efficacy for said purposes she cannot contend that its execution was induced by mistake. The appellant has, however, throughout her testimony distinctly denied that this consideration in any degree influenced the execution of the deed. She cannot therefore contend that she executed the deed under the influence of a mistake in this respect.

(*b*) The purpose, moreover, for which the deed can be said to be executed is not to protect the grantor against every conceivable device of herself or a husband, but to afford a rea-

sonable protection against the usual and generally contemplated dangers or temptations. This purpose the deed accomplishes, and if she did place the suggested reliance it was not a mistaken one. Her power to sell or to mortgage; to make improvident re-investments is effectually restricted; against the contemplated and real dangers it is, therefore, an effectual protection.

(*c*) Of the fact that the deed is really effective this suit is a most apt illustration. It is the efficiency of the deed which is the occasion of the suit. Within two months after the appellant's marriage the remaining $3,000 of the $5,000 over which she had reserved control has been withdrawn and invested by her husband in unimproved lots in a newly created town. The deed has, however, been effective to preserve the remainder of the estate.

A limitation to a grantor's own heirs creates a valid remainder, and in order for the word "heirs" to be words of limitation, it is necessary that the two estates be of the same quality; otherwise they are words of purchase, and that this rule applies as well to a limitation by a *grantor* to his *own* heirs as to any other case. *Numson* v. *Lyon*, 87 Md. 31, 40, 41; *Mercer* v. *Hopkins*, 88 Md. 313; *Mercer* v. *Safe Dep. Co.*, 91 Md. 112–115.

The deed conveys to the appellant a life estate admitted to be equitable, with a power to will; it confers on the trustee an express power of sale and reinvestment; the remainder is created by the following words: · All of such part that remains undisposed of by such will at the time of *her death shall vest* in her next of kin or heirs according to law.

Language almost identical with the above has been so often before this Court that we submit only the exact expressions, which have been held to create a legal remainder. For the use and benefit of the legal heirs and representatives of E. *Ware* v. *Richardson*, 3 Md. 542 and 555. To the use, benefit and behoof of the right heirs of A. *Handy* v. *McKim*, 64 Md. 576, 577. To the use of her right heirs. *Numsen* v. *Lyons*, 87 Md. 41. In trust for the right heirs of H. M., according to

the laws of the State. *Mercer* v. *Safe Deposit Company*, 88 Md. 313; 91 Md. 112

The appellant's counsel based their contention that the remainder is equitable on the existence of the trustee's power of sale and re-investment. This power, it will be noted, is conferred only during the life estate; all powers and duties cease with the expiration of the life estate.

The authority relied on for this proposition is: *Devries* v. *Hiss*, 72 Md. 563 and 568. This case, as all other Maryland authorities, we submit decides exactly the converse of the contention.

In *Handy* v. *McKim*, 64 Md. 560, at 576, the Court in disposing of a similar contention said: "Here in respect to the ultimate limitation in remainder the trustees had no duties whatever imposed on them, and there was nothing which made it necessary to retain the legal estate. The estate in remainder was, therefore, held to be a legal estate." See also *Ware* v. *Richardson*, 3 Md. 505; *Long* v. *Long*, 62 Md. 66. If these contentions are correct, then a further discussion is unnecessary; if the deed creates a vested estate in the grantors' heirs, then it is not contended that she has the right to a reconveyance; the second portion of the contention is only material in case it is determined that the entire equitable estate in fee is vested in the appellant.

BRISCOE, J., delivered the opinion of the Court.

This bill was filed to vacate and declare void a voluntary deed of trust from the appellant to the appellee.

The bill was filed on the 10th day of March, 1902, and alleges that the appellant was on or about the 17th day of February, 1896, the owner of certain real and personal property, amounting to the sum of $25,000, which she obtained of her father, Daniel Stein, late of the State of California; that on the 13th of April, 1896, not being conversant with business affairs, and because, upon marriage in the future, she was desirous of having the property and the income free from the control of her husband, conveyed the property by a deed of

trust to the appellee, to hold upon certain trusts mentioned therein.

By the terms of this deed, the appellee was to hold the property, "in special confidence and trust, and to pay the net income thereof into her own hands reserving, however, the right by a last will and testament to bequeath and devise all the property that may be a part of the trust estate, in any manner that she may see fit, either to create trust estates by such will, or to dispose of the same absolutely; and upon failure to make and execute such last will and testament, then all, or such part thereof that remain undisposed of at the time of her death, shall vest in her next of kin or heirs according to law." The appellee to have power to sell any of the property, to receipt for the same and to re-invest the proceeds of the sale. And the appellee also to have the power to return to the appellant out of the estate, the sum of $5,000, at such time, and in such installments as the appellee company shall in its discretion deem fit.

The appellant then avers that while by a proper construction of the meaning and intent of the deed she desired the appellee company to manage and control her property, she did not by its terms deprive herself of the right of alienation and disposition of the property, and she understood that the trust created by the deed was revocable at any time at her pleasure.

She also avers that at the time of the execution of the deed she was inexperienced in business matters, and did not understand the legal effect of the deed, but believed at the time that the trust was revocable at her pleasure.

She further avers that since the execution of the deed she was intermarried with one Jacob M. Raffel, and being now able and competent to manage and control her property, she desires to have it returned to her, but that the appellee company refuses so to do.

The prayer of the bill is, that the deed be declared null and void, and that the appellee company be decreed to deliver the property described in the deed to the appellant.

The appellee in its answer admits the execution of the deed

and its acceptance of the trust according to its terms, but avers that by the deed the appellant deprived herself of the right to dispose of the estate conveyed, except by last will and testament; that the trust created by the deed is irrevocable and that the appellant knew at the time of the execution of the deed, that the trust created thereby was not revocable.

The case was heard upon bill, answer and proof and from a decree of Circuit Court No. 2, of Baltimore City, denying the relief prayed and dismissing the plaintiff's bill of complaint, this appeal has been taken.

The appellant's claim to relief is based upon two grounds; first, that if the deed creates an irrevocable trust, and deprives her of the control of her property, it was executed by her in ignorance of its meaning and under circumstances which equitably entitle her to its cancellation, and second, by a proper construction of the deed, she has not divested herself of anything more than the legal title to the property, and as the only party in interest, she has the right to call for a re-conveyance of the legal title.

The declaration of trust in the deed now under consideration is in these words: "In trust to pay the net income thereof into her own hands  *  *  reserving, however, the right by a last will and testament to bequeath and devise all the property that may be a part of the trust estate  *  *  in any manner that she may see fit, either to create trust estates by will, or to dispose of the same absolutely, and upon failure to make such will, then all or such part thereof that remains undisposed of by such will, shall vest in her next of kin or heirs according to law, the trustee to have power to sell any of the property and to re-invest the proceeds of such sale—the trustee shall have the power to return to the appellant out of said estate, the sum of five thousand dollars, at such time and in such installments as the trustee shall in its discretion deem fit." ·

The object and purpose of the trust is stated by the deed to be for the purpose of better securing the property, and having full confidence that the trustee will manage her estate properly, she not being conversant with business affairs, and

because upon her marriage at any time in the future she is desirous of having the property and the income thereof free from the control of her husband—is desirous of conveying the property upon the trusts mentioned.

Now it will be observed that according to the terms of the deed in question, the appellant did not exhaust her whole es-. tate, in the property conveyed. The trust mentioned in the deed, upon which the property was conveyed, relates solely to the income, with a power of sale to change the investments. There is no limitation as to the duration of the trust, and no conveyance of her interest in remainder. While she reserves to herself the right to dispose of the property by will, she at the same time provides that the property not disposed of by her will, shall go to her next of kin or heirs at law according to law.

The rules of law applicable to a case of this character have been considered and announced by this Court in a number of cases. In the case of *Warner* v. *Sprigg*, 62 Md. 14, the trust was declared in the following terms : "To have and to hold, the same in trust, for the use and benefit of Wm. A. Warner during his life, and after his decease to go as he, by last will may have directed or in case of his decease intestate, the same to go, according to law, under the existing statutory provisions of the law of Maryland." And this Court in passing upon this trust said : "The trust declared is for the life of William with certain powers of disposal. What becomes of the property after his death? William having the fee-simple in the real estate and an absolute equitable estate in the leasehold and personalty conveys the property to a trustee to hold on certain trusts, which do not exhaust the whole estate. All interests which the grantor did not convey necessarily remained in him; consequently the reversion after his life estate was vested in him. He held, therefore, the equitable life estate and the equitable reversion in the fee in the realty and corresponding estates in the personalty. These estates coalesced by way of merger; the life estate with all its incidents was swallowed up in the reversion. The result is that after

the execution of the deed in question William held by equitable title the absolute and entire interest in the property which he conveyed by the deed." And to the same effect are the cases of *Brown* v. *Renshaw,* 57 Md. 67; *Hughes* v. *Nicklas,* 70 Md. 484; *Rickards* v. *Safe Deposit and Trust Company,* 97 Md. 608; *Sears* v. *Choate,* 146 Mass. 395.

In the case at bar, it seems to be clear that by a true construction of the deed in question the appellant holds by equitable title the entire interest in the property conveyed by the deed, and she is entitled to have the trust declared to be at an end, and the legal title re-conveyed to her.

But apart from this, we think that according to the facts and preponderance of proof in the case the appellant did not intend by the deed to surrender control of her property and that it was executed by her under a mistaken belief as to her power to revoke it. It also appears that she was misadvised as to the legal effect of the deed and her rights under it. There are no vested rights in remainder created by the deed, nor are the rights of third parties or creditors, in any way involved. The only person interested in continuing the trust is the trustee, and this only to the extent of its commissions. A deed executed under such circumstances and of the import of the one here in controversy, cannot be upheld, nor "treated as the free, voluntary and unbiased act of the grantor."

For the reasons we have given, the decree of the Circuit Court No. 2, of Baltimore City, will be reversed and the cause remanded to the end that a decree may be passed declaring null and void, the deed of the 13th day of April, 1896, from the appellant to the appellee in accordance with the views herein expressed.

*Decree reversed and cause remanded.*
*The appellant to pay the costs in*
*both Courts.*

(Decided January 13th, 1905.)