## LOUISE M. GILL ALLEN *v.* SAFE DEPOSIT & TRUST COMPANY, TRUSTEE

[No. 44, April Term, 1939.]

*Decided June 28th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELA-PLAINE, JJ.

*Wilfred T. McQuaid,* with whom were *Joseph L. Carter* and *Theodore R. McKeldin* on the brief, for the appellant.

*G. Van Velsor Wolf* and *William L. Marbury, Jr.,* with whom were *Jesse Slingluff, Jr.,* and *Marbury, Gosnell & Williams* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

The appellant is seeking to compel the appellee to reconvey to her one-half of the corpus of a trust estate, which she created over thirty years ago.

On May 21st, 1909, the appellant, then named Louise M. Gill Dimpfel, conveyed her interest in certain securities to the Safe Deposit and Trust Company of Baltimore, in trust to pay one-third of the income to her mother for life and two-thirds to herself for life, and the entire income to herself upon her mother's death. Upon her own death the income from one-half of the corpus is to be applied for the support and education of her children or descendants of a deceased child until they arrive at the age of twenty-one years, when the respective shares of the children or descendants are to be delivered to them free of trust. The other half is to be held in trust for any person or persons whom she might appoint by will; but if she dies without leaving children or descendants and without a will, "then in further trust for and for the use of the next of kin of the said Louise M. Gill Dimpfel."

The appellant did not reserve any power to revoke the trust. She did reserve, however, the right to withdraw not more than $10,000 from the corpus after attaining the age of twenty-one years.

On May 4th, 1911, the appellant was allowed to withdraw $875 on signing a release, in which she waived the right to make any further withdrawals. On November 24th, 1911, she became twenty-one years of age. On December 18th, 1911, she made a supplemental deed conveying to the trustee her undivided one-half interest in real estate in Baltimore City in consideration of the payment to her of $784.90 from the corpus. The trust estate now consists of bonds valued at about $38,350 and one-half interest in the real estate, assessed at $5180.

The appellant has two children and one grandchild. But her mother has died, and she contends that she is now the sole beneficiary of one-half of the estate.

It is a well-established rule that a valid trust, in which no power of revocation has been reserved by the settlor, cannot be revoked without the consent of all the beneficiaries. When a settlor has granted property rights, whether voluntarily or for a consideration, he cannot resume his former status merely because of a change of mind, or a feeling that he has made an unwise conveyance. 4 *Bogert, Trusts and Trustees, p.* 2890, sec. 993; *Price v. Price,* 162 Md. 656, 161 A. 2.

The question, therefore, is whether the deed of trust has granted remainder interests to the next of kin. This question must be decided by construing its language to determine the intention of the settlor. If a settlor manifests no intention to grant a beneficial interest to any one else, then he is the sole beneficiary. "If, however, he manifests an intention to create a vested or contingent interest in others, as for example, his children, or the persons who may be his heirs or next of kin on his death, he is not the sole beneficiary." 2 *Restatement of the Law of Trusts,* sec. 339.

In *Raffel v. Safe Deposit & Trust Co.,* 100 Md. 141, 59 A. 702, 703, where a young woman conveyed property to a trustee to pay the income to herself, provided that if she failed to make a will the property should "vest in her next of kin or heirs according to law," it was held that she had the right to terminate the trust. But the court explained in that case that it was clear from the preponderance of the evidence that the appellant had never intended to surrender control of her property, but that she had been misadvised as to the legal effect of the deed and her rights under it, and that she had executed it under a mistaken belief regarding her power to revoke it.

An entirely different construction was given in *Kensett v. Safe Deposit & Trust Co.,* 116 Md. 526, 82 A. 981, 982, where the deed of trust vested an estate in such persons "as would by the now existing laws of the State of Maryland he the next of kin," because the deed directed the trustee to make distribution to the next of

kin, and it appeared obvious from the language of the entire instrument that the settlor intended to create remainder interests. Likewise, in *Peter v. Peter*, 136 Md. 157, 110 A. 211, where the settlor directed his trustees to pay the income to himself for life, and, upon his death intestate, to hold the corpus "in trust for his heirs at law," the court found that he had created property rights, which could not be extinguished upon his demand alone. Also, in *Pope v. Safe Deposit & Trust Co.*, 163 Md. 239, 161 A. 404, 405, where the settlor conveyed property in trust for himself for life, and, in the absence of a will, "to the use of such person or persons as would, under the laws of the State of Maryland, * * * be entitled to take the same as the heirs at law," the court held that he retained no estate except only his equitable life estate.

When a settlor conveys property in trust for himself for life and, in default of appointment either by deed or by will then to his heirs or next of kin, there is an inference that he intends to remain sole beneficiary. But when the settlor reserves the power to appoint by will only, there is said to be "some indication that he intended to make his heirs or next of kin beneficiaries of the trust and to confer an interest upon them of which they cannot be deprived except by a testamentary appointment." 1 *Restatement of the Law of Trusts*, sec. 127.

But whatever the inference in a doubtful case, the court must observe whether or not the trust continues after the death of the settlor. The trust extended to the remainder in both the *Peter* case and the *Pope* case. The deed before us provides that the second half of the estate shall be held "then in further trust for and for the use of the next of kin." The trust clearly extends to the remainder in this case.

There are four other reasons which support a construction for a grant of remainder interests to the next of kin:

First. By the deed of trust, the appellant conveyed remainder interests in the first half of the corpus. It is unreasonable to suppose that she intended to make final

and complete disposition of fifty ,*per cent* of the corpus, but not of the other fifty *per cent,* especially in view of her provision that in the event she died without leaving any children or descendants and without a will the whole corpus should be held in trust for her next of kin.

Second. She reserved the right to withdraw from the corpus sums of money not exceeding an aggregate of $10,000. This reservation gives rise to the implication that all the corpus except the part she withdrew was to be beyond her control.

Third. In the release, which she executed on May 4th, 1911, she relinquished "all right to demand from said Trustee any further sum out of the corpus of said estate."

Fourth. In the supplemental deed of trust, which she executed on December 18th, 1911, she empowered the trustee to pay her in an emergency an amount equal to the value of her interest in the real estate then conveyed, less $784.90. But even this limited amount could be paid only with her mother's consent, or, after her mother's death, only with the approval of the trustee. Thus did she reiterate her desire to place the corpus beyond her control.

It appears that none of the beneficiaries, other than the appellant herself, is a party to this proceeding or has consented to the termination of the trust. It follows that the order of the court below, sustaining the demurrer to the appellant's amended petition, should be affirmed.

*Order affirmed, with costs.*

OFFUTT, J., concurs in result.