RUEL C. GRIDLEY, CLARISSA H. BEEBE, SARAH P. SNYDER, AND CHARLES SNYDER, AND OTHERS, APPELLANTS, *v.* DAVID WYNANT.

Where a married woman became a trustee of land for the benefit of her son-in law, and executed a deed (without joining her husband) to a bona fide pur-

chaser, who had paid the purchase money to the cestui que use, it was not necessary, under the circumstances of the case, for her husband to join in the deed.

These circumstances were, that by executing the deed she did not defeat an estate to which her husband was entitled, nor did he claim adversely to the deed, but it was within the scope of her authority as trustee, and therefore will be sustained by a court of equity against her heirs.

Her children, who were her heirs at law, having brought a suit at law to recover the land from the bona fide purchaser, a court of equity will interpose to restrain their proceedings.

The alleged illegality of the consideration of the deed of trust—viz: that it was intended to protect the property of her son in law, who was insolvent—was not sufficient to destroy the independent equity of the bona fide purchaser, nor was it necessary to make the son in law a party when the bona fide purchaser sought relief in a court of equity against the title of the heirs.

THIS was an appeal from the District Court of the United States for the northern district of Iowa.

The case is stated in the opinion of the court.

It was submitted on printed arguments by _Mr. Grant_ for the appellants, and by _Mr. Smith_ for the appellee.

Mr. Justice CAMPBELL delivered the opinion of the court.

The appellee filed this bill to enjoin the appellants from prosecuting a suit to recover a parcel of land in his possession, and to quiet his title against their claim as heirs at law of Sarah A. Blakely, deceased. He charges in his bill that he purchased the land from William B. Beebe, and paid to him the purchase money, and that Mrs. Blakely made him a deed at the request of Beebe, who was her son in law, and for whose use and benefit it had been conveyed to her with her consent. At the time of her conveyance she was a married woman, and the bill avers that by error, ignorance, or oversight, her husband failed to join in her deed.

The defendants admit that they claim as heirs at law of Mrs. Blakely, and insist that she was under a disability to convey land without the consent of her husband.

They deny that she held the land in trust for Beebe, but insist that even if that were the case the trust was illegal, for

that Beebe was an insolvent debtor, and the sole design of such a conveyance was to defraud and delay his creditors.

They object that Beebe is a necessary party in the cause. The District Court granted relief according to the prayer of the bill. The testimony sufficiently establishes the case made by the bill. It appears that Beebe purchased the land from the tenants in fee simple, and that it was conveyed to Mrs. Blakely by his directions, and that this was done because he was in debt, and did not desire the exposure of his property.

That he sold the land to the appellee, and that Mrs. Blakely executed to him titles without joining her husband in the conveyance. The question arises, whether the heirs at law of Mrs. Blakely can contest the validity of her conveyance. There is no incapacity in a married woman to become a trustee, and to exercise the legal judgment and discretion belonging to that character. A trustee in equity is regarded in the light of an instrument or agent for the cestui que trust, and the authority confided to him is in the nature of a power. It has long been settled that a married woman may execute a power without the co-operation of her husband. Sug. on Pow., 181. Some doubt has been expressed whether, at law, a married woman could convey an estate vested in her in trust, and inconveniences have been suggested as arising from her asserted incapacity to make assurances which a court of law would recognise as valid. And it has been determined that she could not defeat a right of her husband, or impose a legal responsibility upon him, by her unassisted act. Lewen on Trusts and Trustees, pp. 89, 90; Sug. on Pow., 192, 196; 2 Spence Eq., 31. But within the scope of her authority a court of equity will sustain her acts, and require those whose co-operation is necessary to confirm them. In the present instance, her deed was within the scope of her authority and duty. She did not defeat an estate to which her husband was equitably entitled, nor does he claim adversely to it. The complainants are her own children, her heirs at law, who are seeking to divest of his estate a bona fide purchaser, and to acquire one for themselves—one to which their mother had no claim in equity or good conscience. Nor can the appellants avail themselves of the ille-

gality of the consideration on which their mother became the trustee for Beebe. The trust has not only been constituted, but carried into execution. The appellee is not a mere volunteer seeking to enforce its terms, nor does his equity depend upon the validity of the trust for its support. He has an independent equity, arising from his purchase from persons professing to hold a legal relation to each other and to the subject of the contract, and to enforce his right there is no need for any inquiry into the consideration or motives that operated upon these parties to assume their relation of trustee and cestui que trust. In such a case, equity does not refuse to lend its assistance. McBlair *v.* Gibbes, 17 How., 232.

The objection that Beebe is a necessary party to the bill cannot be supported. Beebe has not claimed adversely to the title of the appellee. The legal title has never been invested in him, nor do the appellants recognise any privity or connection with him. They claim the property discharged of any equity either in his favor or that of the appellee.

Upon the whole case, the opinion of the court is in favor of the appellee, and the decree of the District Court is affirmed.