CASE 2.—ACTION BY LOUIS STRAUB'S TRUSTEE AGAINST EUGENE ANTONINI TO ENFORCE A WRITTEN CONTRACT FOR SALE OF LAND—October 21.

# Antonini v. Straub

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

Husband and Wife—Conveyance of Land Held by Wife as Trustee. —Where a deed to a married woman empowered her as trustee to convey by warranty deed. making her unaccountable for the proceeds of sale if she failed to reinvest them, there being no provision requiring her husband to join in the conveyance, a conveyance by her alone was good; Ky. Stats., 1903, section 506, providing that a conveyance by a married woman may be by joint deed of the husband and wife, not interfering with the right of a married woman to convey, by her sole deed pursuant to a power duly conferred on her, real estate, the title to which she holds as a mere trustee.

E. L. McDONALD for appellant.

### POINTS AND AUTHORITIES.

1. A married woman can not be empowered by a deed to her to convey the estate thereby vested in her in a manner not authorized by the statute on conveyances. (Sewell v. Sewell, 92 Ky. 500; Brady v. Gray. 17 Ky. Law Rep. 512; Goodill v. Brigman, 1 Bosanquet & Poller, 192.)

2. The so-called power in the deed to Mrs. Straub is not such a power of appointment as could, according to the ancient doctrine of powers, be executed by a married woean without the concurrence of her husband under the operation of the statute of uses.

Antonini v. Straub.

(Dumesnil v. Dumesnil, 92 Ky. 526; Johnson v. Yates, 9 Dana 500; Dudley v. Weinhart, 93 Ky. 401; Goodill v. Brigman, supra; Goodtitle v. Otway, 2 Wils. 6; Sugden on Powers, 181; Sugden on Powers, 180; Lewin on Trusts, 34.)

3. A power to "sell and convey" "by deed of general warranty" can not in this State be executed by a married woman without the concurrence of her husband. Such power can only be executed by a deed sufficient in law, and under our statutes a married woman can not execute such deed without the concurrence of her husband. (Sugden on Powers, 328; General Statutes, c. 113, section 4; Tyree v. Williams, 3 Bibb 365; Revised Statutes, c. 24, section 20; Ky. Statutes, sections 505, 506; Sugden on Powers, 265; 1 Vict., c. 26; Lippincott v. Wikoff, 33 Atl. (N. J.) 307; Perry on Trusts, 38, 39.)

4. The power in this case does not expressly authorize Mrs. Straub to convey without the concurrence of her husband, and such power should not be implied even if it were competent to give it. (Sugden on Powers, 247; Sewell v. Sewell, supra; Brady v. Gray, supra.)

BURWELL K. MARSHALL for appellee.

POINTS AND AUTHORITIES.

1. Deed of trust expressly provides that the trustee, Mrs. Straub, may convey by her deed, and hence her husband's concurrence is not necessary.

2. A married woman at common law could execute a deed without the concurrence of her husband in the execution of a power. (4 Kent's Commentaries (4th Ed.) bottom page 335, side page 325; Sugden on Powers, vol. 1, top page 236, side page 181, sections 3, 4, 5; Washburn on Real Property (Nth Ed.), vol. 2, section 1685.)

3. That a married woman under the Kentucky decision has the same power now to execute a deed without the concurrence of her husband in the execution of a power that she had at common law and that this right has not been changed by statute. (Tyree v. Williams, 3 Bibb 367.)

4. That the provisions of the Kentucky Statutes, sections 2128, 505, 506, and 507, apply to deeds of married women's own property, but do not disable her from executing a power without her husband's concurrence, which she might do according to the principles of the common law. (Tyree v. Williams, 3 Bibb 367, and authorities cited above under No. 2.)

5. All the recent authorities recognize and approve the law as laid down by the court of appeals of Kentucky in the case of

Tyree v. Williams.  (Pullam v. The State, 78 Alabama 33; Andrew Huls v. James Buntin, 47 Ill. Rep. 399; Armstrong v. Kerns, 61 Maryland, 366; Lippincott v. Wickoff, 33 Atl. Rep. 307.)

6. The Supreme Court of the United States approves of the doctrine that a married woman may convey by her deed as trustee without the concurrence of her husband in the execution of a power.  (Gridley v. Wynant, 23 Howard 502.)

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

·This is an appeal from a judgment specifically enforcing a written contract between appellant and appellee, whereby the former purchased a parcel of real estate in the city of Louisville at an agreed price. Appellee tendered appellant a deed of conveyance to the property which she as trustee had duly signed and acknowledged.  The deed accurately expressed the terms of the sale, and contained a covenant of general warranty.  Appellant, though able to pay for the property, refused to do so or to accept the deed. Appellee is a married woman, and her husband did not sign or acknowledge the deed, nor was he named therein as a grantor, and for that reason alone appellant rejected the deed and refused to perform the contract.  The only question presented by the record is: Did the deed tendered convey to appellant a marketable title to the property therein described?

It was claimed by appellee, and adjudged by the lower court, that she, although a married woman, could by the deed tendered, without joining her husband, convey the real estate under the power given her by the deed by which she derived title, and which is copied in full in the petition.  By that deed Henry Loemker, her father, in consideration of love and affection for his daughter, the appellee, conveyed her the property in trust for her child, and until her youngest child should reach the age of 21 years, for

the benefit of the child she then had and any other children she might have, with certain provisions as to remainders in the event of the death of her children. Other clauses of the deed are as follows: "Provided, further, that the said Amelia Straub shall have the privilege or license of occupying said property as long as she lives, but she shall not have any interest in or to said property, or any part thereof, it being the intention of the grantor that said Amelia Straub shall not by this deed have or acquire any interest whatsoever in said property, or in the rents or income thereof; but shall simply have a license or privilege of living thereon and nothing else. * * * Provided, further, that said trustee and her successor and successors in office may sell and convey said property herein conveyed by deed of general warranty, and either invest the proceeds of sale in other real estate, title to which shall be held upon the same trusts and subject to the same license and restrictions and with the same powers that the property herein conveyed is held; or said trustee or her successor or successors in office may expend the proceeds of sale for the use and benefit of her said children in such manner, in such amounts and for such purposes as said trustee and her successor and successors in office may deem for the best interest of her said children and having full faith and confidence in the judgment and honesty of my said daughter, Amelia, if she shall expend said proceeds of sale as above set forth, she shall not be held accountable for such proceeds or required to account to her said children or to any of them, or to anybody or to any court for such proceeds, or any part thereof, but any other trustee shall be held accountable; but the purchaser shall not be required to look to the necessity of the sale nor to the invest-

ment, nor to the expenditure of the proceeds of sale under any state of case.'' It will be observed that the above deed gives appellee the privilege of occupying the property conveyed so long as it remains unsold, but excludes her from acquiring in her own right any title to or interest therein, or in the rents or profits thereof. It, however, expressly empowers her as trustee to sell and convey the property by deed of general warranty, makes her unaccountable for the proceeds, if there should be a failure on her part to reinvest them in other property, and relieves the purchaser of all responsibility for any misappropriation by her of such proceeds. It will be further observed that the deed contains no provision requiring appellee's husband to unite with her in the sale or conveyance of the property; indeed, the deed is silent as to the husband, though he was at the time of its execution alive, and is still living. He and appellee have, however, been separated several years, and she has instituted an action for a divorce, which is yet pending.

It is appellant's contention that, though appellee merely holds as a trustee the title to the property in question, the power given her to convey it can not be exercised, except in conjunction with her husband, who must unite with her in the deed, as provided by section 506, Ky. Stats., 1903. This contention seems to be unsupported by authority. As at common law a married woman could not dispose of her real estate without a fine or recovery, she must since the abrogation of the common law by our statute on conveyances in order to do so convey it by the method substituted by the statute; that is, by deed in which the husband joins. But the statute does not interfere with the right of a married woman to convey, in pursuance of a power duly conferred upon her, real estate, the title

to which she holds as a mere trustee, without the concurrence or intervention of her husband. As to the last question, all the authorities seem to agree. In 4 Kent's Commentaries (12th Ed.), p. 338, it is said: "Every person capable of disposing of an estate actually vested in himself may exercise a power, or direct a conveyance of the land. The rule goes further and even allows an infant to execute a power simply collateral, and that only; and a feme covert may execute any kind of power, whether simply collateral, appendant or in gross, and it is immaterial whether it was given to her while sole or married. The concurrence of the husband in no case is necessary." In 2 Washburn on Real Property, section 1685, the same conclusion is expressed: "Any person who is competent to dispose of an estate of his own may execute a power over land. If a power is simply collateral, an infant may execute it. And a feme covert may execute a power, whether collateral, appendant, or in gross; the concurrence of her husband being in no case necessary. She may even execute it in favor of her husband. It makes no difference whether the power was granted to her before or after she became a married woman. The consent of her husband is unnecessary in either case. And the power may be coupled with an interest, as where an interest in land with a power of appointment is given to a married woman to her sole and separate use, or is given so that by statute it is her separate property. But the power must be exercised by her in the mode appointed by the instrument giving the power. The statutes enabling women to hold their separate estate with full power of disposal do not alter this rule." In this State the case of Tyree v. Williams, 3 Bibb 367, 6 Am. Dec. 663, the same doctrine is thus stated: "The

fourth and last objection we shall notice, questions the sufficiency of Jordan's title to one of the lots in Stand-ford. This lot was conveyed to Jordan by Samuel Baird and Mary M. Bell, surviving executor and exec-utrix of William Henderson, deceased. Henderson, being possessed of the legal title to this lot, made his will, by which, after devising all his real estate and personal estate to his wife, he directed all his posses-sions in the town of Standford to be sold at public auction by his executors at 12 months' credit. The lot in question was advertised and exposed to public sale. A few days before the sale, Jordan by letter informed the executors what price he would give, and, no person having bid as much on the day of sale, the lot was afterward conveyed to him at the price he had offered. It is admitted that Mrs. Henderson, now Mrs. Bell, had intermarried with her present husband before she executed the deed of conveyance to Jordan, and that she was at that time a feme covert. * * * But it is contended in the second place that Mrs. Bell could not legally execute the conveyance without join-ing with her husband and being privily examined, as the law concerning conveyances directs. There is no doubt that a feme covert may act en autre droit, with-out her husband. It is said: 'If cestui que use had devised that his wife should sell his land, and made her executrix and died, and she took another husband, that she might sell the land to her husband, for she did it en autre droit, and her husband should be in by the devisor.' Coke, Litt. 112a. Mr. Hargrave in his annotation upon this passage in Coke says: 'It is agreed in the books that a wife may without her hus-band execute a naked authority, whether given before or after coverture; and the rule (he observes) is the same where both an interest and an authority pass to

the wife, if the authority is collateral to, and doth not flow from, the interest, because then the two are as unconnected as if they were vested in different persons.' Note 6, Coke on Litt. 112a. In this case there is no doubt that Mrs. Bell had an interest in the lot conveyed to Jordan; for all the estate, both real and personal, was devised to her. . But the interest vested in her individual right, and the authority to sell was given to her in the capacity of executrix. The latter, therefore, did not flow from the former, but was collateral thereto; and consequently they were as unconnected as if they had been vested in different persons. Upon the principles of the common law, then, it is evident Mrs. Bell might, without her husband joining, execute the conveyance; and it is clear that the statute concerning conveyances can have no effect upon the case, for that statute only enables a feme covert to convey her interest or estate by observing the requisites prescribed in cases where she could not do so before, but does not disable her from executing an authority which she might do according to the principles of the common law.'' An examination has not enabled us to find a more recent decision than Tyree v. Williams, supra, which in any way changes or modifies the doctrine therein expressed. We find, however, that the courts of last resort in many States outside of Kentucky adhere to the same doctrine. Pullam v. State, 78 Ala. 31, 56 Am. Rep. 21; Huls v. Buntin, 47 Ill. 397; Armstrong v. Kerns, 61 Md. 368; Gridley v. Wynant, 23 How. 501, 16 L. Ed. 411.

The cases cited by counsel for appellant are not in point. In each of them the wife under a power conferred attempted to convey real estate of which she was the sole owner without having the husband to join in the deed. This, it was held, she could not do.

But in the instant case the conveyance by the married woman was made in the execution of an express trust, and the property conveyed an estate in which she owned no interest other than the mere right of occupancy as trustee.

Being of opinion that the deed tendered by appellee to appellant will convey him a good title to the realty therein described, the judgment of .the lower court specifically enforcing the contract is hereby affirmed.