# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS
**ATTORNEY GENERAL**


November 8, 1961

Honorable Naomi Harney
County Attorney
Potter County
Amarillo, Texas

Opinion No. WW-1191

Re: Under the facts presented, whether Potter County is legally liable for the salary of T. H. Nall, a deputy sheriff, from April 1, 1960, the date of his discharge by the Sheriff of Potter County to January 1, 1961, the date the sheriff ended his term of office and related questions.

Dear Miss Harney:

You have requested an opinion of this office as to whether Potter County is legally liable for the salaries of former Deputy Sheriffs T. H. Nall, Gordon R. Bufkin, and Curtis Travis from April 1, 1960, the date of their suspension, to January 1, 1961, the date the Sheriff ended his term of office.

The facts as presented in your letter of request are as follows:

"On March 28, 1960, following the House Investigating Committee hearings in Potter County, three deputy sheriffs, Mr. T. H. Nall, Mr. Gordon R. Bufkin, and Mr. Curtis Travis, were suspended. Attached hereto is a photostatic copy of the minutes of the Commissioners' Court relative to the suspension . . . .

"The Grand Jury took no official action in reference to Mr. T. H. Nall. Gordon R. Bufkin was indicted for the offense, Attempt to Commit a Bribe. An instructed verdict was granted by the Judge on his own motion because the State's Witness' testimony showed an acceptance of a bribe rather than an attempt to commit a bribe. Mr. Curtis Travis was indicted for Perjury committed

before the Grand Jury. The indictment was dismissed by the Court because it was insufficient to allege the offense of Perjury before the Grand Jury."

The photostatic copy of the letter written by Paul Gaither, Sheriff of Potter County to the Commissioners' Court on April 1, 1960 is quoted as follows:

"Amarillo, Texas
"Commissioners' Court                    April 1, 1960
   Potter County
   Amarillo, Texas

"Gentlemen:

"In regards to your instructions to suspend Chief Deputy C. E. Travis, Captain G. R. Bufkin and deputy T. H. Nall, this is to advise that these deputies have been relieved from duty, effective April 1st, 1960 and all County property, commissions and badges have been turned in by them.

"Effective same date, Mr. Ben Andis has been appointed acting Chief Deputy.

Yours truly,

Paul Gaither
Paul Gaither, Sheriff"

Cy - Audrey Kaufman
George Fox

Article 6869, V.C.S reads in part as follows:

"Sheriffs shall have the power, by writing to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principals . . ."

Thus, it is clear that, under the provisions of Article 6869, the Sheriff has full power to appoint the deputies who will serve under him and also has full power to terminate their services at any time he may see fit. The term of a deputy sheriff is not fixed by statute and the power to "hire" and "fire" is an incident of the power of appointment given the sheriff. The office of deputy sheriff is therefore held only during the pleasure of

the sheriff.

In the case of Murray v. Harris, 112 S.W. 1092 (1938), the court said at page 1093:

"The statute conferring upon the sheriff the power to appoint deputies fixes no definite term of office, but provides that the tenure shall be at the pleasure of the sheriff, which is tantamount to a provision that both the appointment and tenure are discretionary with him . . ."

The reasons given for the dismissal of the three deputies by the Sheriff are immaterial, the primary consideration being whether or not the deputies were, in fact, relieved of their duties by the Sheriff of Potter County and further services discontinued. We think it clear that the Sheriff of Potter County discharged deputies T. H. Nall, Gordon R. Bufkin, and Curtis Travis from duty effective April 1, 1960, as evidenced by his letter to the Commissioners' Court of Potter County on April 1, 1960, and reflected in the official Minutes of the Commissioners' Court of Potter County, meeting in session on March 28, 1960. On that date, their tenure of office was ended, their services terminated, and, consequently, they were no longer entitled to their salaries.

Therefore, it is the opinion of this office that deputies T. H. Nall, Gordon R. Bufkin, and Curtis Travis were relieved of their duties by the Sheriff of Potter County, effective April 1, 1960, and that Potter County is not legally liable for the salaries of T. H. Nall, Gordon R. Bufkin, or Curtis Travis from April 1, 1960, the date of their discharge by the Sheriff, to January 1, 1961, the date the Sheriff ended his term of office.

## S U M M A R Y

Potter County is not liable for the salaries of deputies T. H. Nall, Gordon R. Bufkin and Curtis Travis from April 1, 1960, to January 1, 1961, the three deputies having been relieved of their duties as deputies by the Sheriff of Potter County on April 1, 1960. Under the authority of Article 6869, V.C.S., the Sheriff has full power to discharge deputies who work under him at his pleasure.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Iola Barron Wilcox
Assistant

IBW:kh

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chariman

Howard Mays
Elmer McVey
Grundy Williams
Riley Eugene Fletcher


REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.